# Compensation of Government Employees for Referring Potential Job Applicants

The provision of monetary awards or administrative leave to government employees who refer potential job candidates for certain difficult-to-fill vacancies in the government is not barred by 18 U.S.C. § 211, which prohibits the receipt of anything of value in consideration for helping a person obtain government employment.

August 17, 1989

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

This responds to your request of March 28, 1989, for the opinion of this Office on the applicability of 18 U.S.C. § 211 to a proposal that the Department of Housing and Urban Development ("HUD") provide monetary awards or administrative leave to employees who refer potential candidates for certain hard-to-fill clerical positions. We understand that, because of difficulties experienced in recruiting clerical staff, HUD is interested in implementing a program that would encourage its employees to assist in recruitment. Under the terms of the proposed program, the Department would pay small cash awards or grant small amounts of administrative leave to employees who refer potential job candidates who are eventually hired. Before implementing the program, however, you have asked us to determine whether the restrictions of section 211, which generally prohibit the receipt of anything of value in consideration for helping a person obtain employment, bar the creation of such a program. For the reasons below, we conclude that 18 U.S.C. § 211 does not bar the Department from providing incentive payments to employees who have referred potential job applicants.

Section 211 provides, in full:

> Whoever solicits or receives, either as a political contribution, or for personal emolument, any money or thing of value, *in consideration of the promise of support or use of influence in obtaining for any person any appointive office* or place under the United States, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

> Whoever solicits or receives any thing of value *in consideration of aiding a person to obtain employment* under the United States either by referring his name to an executive department or agency of the United States or by requiring the payment of a fee because such person has secured such employment shall be fined not more than $1,000, or imprisoned not more than one year, or both. This section shall not apply to such services rendered by an employment agency pursuant to the written request of an executive department or agency of the United States.

18 U.S.C. § 211 (emphasis added).

In our view, section 211 does not prohibit HUD from agreeing to award its employees for referring potential candidates to the agency. Both its text and purpose show that section 211 seeks only to prevent candidates for federal employment from having to pay influence-peddlers or employment agencies to obtain government positions. Thus, the section's restrictions prohibit agreements to promote a candidacy before an agency, but not agreements to promote the agency before potential candidates.

Section 211's first paragraph, enacted in 1926, prevents influence-peddling in employment by prohibiting anyone from soliciting or accepting payments "in consideration of the promise of support or use of influence in obtaining for any person any appointive office." 18 U.S.C. § 211. On its face, then, the section prohibits only payments for the promise of support or use of influence if the support or influence is used to "obtain[] for any person any appointive office." HUD's proposed payments, however, would not be in consideration of its employees' influence on HUD but in consideration of the employee's contributions to the department's recruitment of job candidates. Accordingly, the payments would not be prohibited under the plain terms of section 211's first paragraph.

That HUD's proposed payments are not prohibited by the first paragraph of section 211 is also supported by the 1926 Committee Report, which states that "[t]his bill seeks to punish the purchase and sale of public offices." H.R. Rep. No. 1366, 69th Cong., 1st Sess. 1 (1926). The bill was needed because

> [c]ertain Members of Congress have brought to the attention of the House both by speeches on the floor and statements before the Judiciary Committee a grave situation, disclosing corruption in connection with postal appointments in Mississippi and South Carolina. It is believed that this bill will prevent corrupt practices in connection with patronage appointments in the future.

278

*Id.* In light of the statute's purposes, it is clear that HUD's proposed payments are not the type of payments Congress intended to prohibit in 1926.[1]

The second paragraph of section 211 was added in 1951 to extend the original prohibition to include situations where payments are made "in consideration of aiding a person to obtain employment under the United States." 18 U.S.C. § 211. The amendment was intended "to prohibit private employment agencies from soliciting or collecting fees for helping applicants to obtain employment in any executive department or agency of the United States Government." H.R. Rep. No. 784, 82d Cong., lst Sess. 1-2 (1951), *reprinted in* 1951 U.S.C.C.A.N. 1767. Prior to the amendment's enactment, it was feared that such practices were not prohibited because employment agencies generally do not use "influence" to obtain jobs for their customers. H.R. Rep. No. 784 at 2, *reprinted in* 1951 U.S.C.C.A.N. at 1768. Because "no American citizen should have to register with an employment agency and no American citizen should have to pay a fee in order to obtain a job with his own Government," the Civil Service Commission had "long sought such legislation." *Id.*

For reasons similar to those explained above, HUD's proposed payments would also not be prohibited by the second paragraph of section 211. Payment of a cash reward to an employee for assisting in the Department's recruitment efforts would not be "in consideration of *aiding a person* to obtain employment," 18 U.S.C. § 211 (emphasis added), but in consideration of *aiding the Department* to fill a particular job vacancy. Moreover, we note that Congress deliberately "exempted from the general prohibition" regarding employment agencies "those cases where jobs are filled by private agencies upon the written request of the Government agency concerned." H.R. Rep. No. 784 at 2, *reprinted in* 1951 U.S.C.C.A.N. at 1768. This exception to the prohibition suggests that Congress had no intention of limiting the ability of agencies to recruit potential employees.

In conclusion, we believe that it is clear that section 211 does not prohibit HUD from implementing its proposed program to provide cash awards or other benefits to employees who refer potential job candidates for certain difficult-to-fill vacancies.[2]

JOHN O. McGINNIS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[1] Our interpretation of the first paragraph of section 211 is consistent with that of the Supreme Court. "The evil at which the statute is directed is the operation of purchased, and thus improper, influence in determining the occupants of federal office." *United States v Hood*, 343 U.S 148, 150 (1952), *see also United States v Shirey*, 359 U.S 255, 262 (1959)

[2] The Office of Personnel Management reached the same conclusion in 1966 Memorandum for John D Roth, Director, Federal Incentive Awards Program, from John S. McCarthy, Assistant General Counsel, Civil Service Commission (Apr. 25, 1966).